UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

______

BADRALDIYN MOHAMED ISMAIL ADAM,

Petitioner,

v.

KEVIN RAYCRAFT et al.,

Respondents.
______________________________/

Case No. 1:26-cv-2971

Honorable Hala Y. Jarbou

# OPINION

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee, initiated this action on October 16, 2026, by filing a counseled petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will deny Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

## Discussion

### I. Procedural History

Petitioner initiated this counseled § 2241 petition while detained by ICE at the North Lake Processing Center (Pet., ECF No. 1, PageID.2.) Petitioner challenges the lawfulness of his current detention and asks the Court to, *inter alia*, issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ordering Respondents to release Petitioner. (*Id.*)

In an order entered on October 19, 2026, the Court directed Respondents to show cause why the writ of habeas corpus and other relief requested by Petitioner should not be granted. (Order, ECF No. 3.) On November 2, 2026, Respondent's filed their response. (Resp., ECF No. 5.) Petitioner filed a reply on November 5, 2026. (Reply, ECF No. 6.)

## II. Relevant Factual Background

Petitioner is a native and citizen of Sudan. (Courtney Decl. ¶ 4, ECF No. 5-1, PageID.45.) He was admitted to the United States on October 5, 2019, as a Diversity Immigrant. (*Id.*) Petitioner was subsequently convicted of Criminal Sexual Conduct – Second Degree (Personal Injury) in Grand Rapids, Michigan. (*Id.* ¶ 5.) On October 2, 2025, ICE agents arrested Petitioner after he was released from the Michigan Department of Corrections and served him with a Notice to Appear. (*Id.* ¶ 6, PageID.46.)

On February 17, 2026, an Immigration Judge ordered Petitioner removed to Sudan. (*Id.*, ¶ 8.) Petitioner did not appeal his order of removal, and Petitioner states his order of removal became administratively final on March 19, 2026. (Pet., ECF No. 1, PageID.2 (citation omitted).) ICE applied for travel documents for Petitioner to facilitate Petitioner's removal on or about February 25, 2026. (Courtney Decl. ¶ 4, ECF No. 5-1, ¶ 9.) A second request for travel documents was made for removal to Sudan on May 7, 2026. (*Id.* ¶ 14, PageID.47.) Petitioner received a 90-day Decision to Continue Detention Letter on May 11, 2026, informing him that he would continue to be held in detention. (*Id.* ¶ 15, PageID.47-48.) On July 7, 2026, an immigration judge denied Adam's bond request.[1] (*Id.* ¶ 16, PageID.48.) Petitioner had a Post Order Custody Interview on August 6, 2026, and a telephone interview with officials from the Sudanese Embassy on August 27, 2026. (*Id.* ¶ 20.) Respondents' declarant states that Petitioner requires an escort for removal to Sudan based on his criminal history. (*Id.* ¶ 21.)

## III. Habeas Corpus Legal Standard

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S.

[1] Respondents do not explain why Petitioner was given a bond hearing in July of 2026.

Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A. A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

**IV. Merits Discussion**

The parties agree that Petitioner is subject to a final order of removal. (*See* Pet., ECF No. 1, PageID.1; Resp., ECF No. 5, PageID.34.) As a result, Petitioner's present detention is governed by 8 U.S.C. § 1231.

Section 1231 provides that "when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the 'removal period')." 8 U.S.C. § 1231(a)(1)(A). "During the removal period, the Attorney General shall detain the alien." *Id.* § 1231(a)(2)(A). 8 U.S.C. § 1231(a)(6) further provides:

> An alien ordered removed who is inadmissible under section 1182 of this title, removable under section 1227(a)(1)(C), 1227(a)(2), or 1227(a)(4) of this title or who has been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal, may be detained beyond the removal period and, if released, shall be subject to the terms of supervision in paragraph (3).

8 U.S.C. § 1231(a)(6). It is undisputed that Petitioner was ordered removable under § 1227(a)(2), which concerns removal for criminal offenses.

In *Zadvydas v. Davis*, 533 U.S. 678 (2001), the Supreme Court held that after expiration of the 90-day removal period, the Government may continue to detain the noncitizen for a "presumptively reasonable period" of time, which the Supreme Court concluded equaled six months. *See Id.* at 701. Following that six-month period, "once [a noncitizen] provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.*

Petitioner contends that his detention is unlawful under *Zadvydas v. Davis* and violates the Fifth Amendment's Due Process Clause because he has been detained more than six months since his removal order became final on March 19, 2026, and removal is not reasonably foreseeable. (Pet., ECF No. 1, PageID.3.) In response, Respondents argue that Petitioner's detention under 8 U.S.C. § 1231(a) remains lawful and does not implicate the constitutional concerns identified in *Zadvydas* and its limitations concerning post-removal detention because removal to Sudan is imminent. (Resp., ECF No. 5, PageID.39-41)

Here, the evidence before the Court indicates that Petitioner's removal to Sudan is reasonably foreseeable. In claiming that removal is not reasonably foreseeable, Petitioner asserts that his "home country, Sudan, lacks a repatriation agreement with the United States" and "has been uncooperative and has not issued travel documents or a passport." (Pet., ECF No. 1, PageID.2.) However, Petitioner recently had a telephone interview with officials from the Sudanese Embassy on August 27, 2026, and ICE officials have requested Petitioner's travel documents. (*See* Resp., ECF No. 5, PageID.41). Therefore, at this time, based on the information presently before the Court, the Court will deny Petitioner's § 2241 petition without prejudice.[2]

**Conclusion**

For the reasons discussed above, the Court will enter an order and judgment denying Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

Dated: November 6, 2026

/s/ Hala Y. Jarbou
HALA Y. JARBOU
CHIEF UNITED STATES DISTRICT JUDGE

---

[2] If the government's efforts to remove Petitioner ultimately stall, Petitioner is free to file a new § 2241 petition.